# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DAWUD AMEEN HUSAIN, | ) |
| Petitioner, | ) |
| v. | ) No. 4:19-cv-3053-AGF |
| RICHARD JENNINGS, | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of several documents filed by Dawud Ameen Husain, a Missouri State prisoner. For the reasons explained below, Husain will be given the opportunity to file an amended pleading.

### **Background**

Husain is a frequent *pro se* and *in forma pauperis* litigator in this Court. He initiated this civil action by filing a pleading titled "Motion for Void Judgment." He did not use a Court-provided form, as required by E.D.Mo. 2.06(A). In the document, Husain complained of infirmities in an unidentified Missouri State court judgment,[1] and asked this Court to void it and order the Missouri Department of Corrections ("MDOC") to release him from custody. Husain then filed several documents purporting to supplement or amend his original pleading. One such filing was comprised of two separate documents: one titled "Cases and Authorities in Support of Suit at Common Law," and the other titled "Suit at Common Law for Injuries and Damages." The latter appeared to be a complaint filed pursuant to 42 U.S.C. § 1983 against state officials seeking

---

[1] Review of Missouri Case.net, the State of Missouri's online docketing system, shows that Husain was convicted on April 15, 2017 of unlawfully possessing a firearm, and sentenced on July 24, 2018 to seven years' imprisonment. *State v. Dawud Ameen Husain*, No. 17SL-CR03102-01 (21st Jud. Cir. 2017).

monetary relief for alleged civil wrongs. Husain then filed a motion for leave to proceed *in forma pauperis*, an inmate account statement, a document titled "Affidavit for Liberty," and a document titled "Negative Averment" in which he appeared to claim he was not subject to the jurisdiction of the Missouri State courts. In these documents, Husain sought release from state custody.

## Discussion

Both the federal habeas corpus statute, 28 U.S.C. § 2254, and the civil rights statute, 42 U.S.C. § 1983, provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials. However, these statutes differ in both scope and operation. Generally, a state prisoner's challenge to the validity of his confinement or to matters affecting its duration falls within the province of habeas corpus and, therefore, must be brought pursuant to § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). On the other hand, challenges to the conditions of confinement and other actions against state officials for civil wrongs may be presented in a § 1983 action.

Sometimes when the exact nature of a civil action is unspecified, a court can look to the relief requested to determine whether the action is one filed pursuant to § 1983 or § 2254. If the pleader seeks monetary relief for civil rights violations committed by state officials, the case is most likely a § 1983 action. However, if the pleader seeks to expunge or vacate a state court judgment and/or seek release from state custody, the action is most likely one brought pursuant to § 2254. Here, Husain has filed documents seeking both types of relief. However, while Husain may simultaneously seek both types of relief by filing separate civil actions, he may not proceed under both statutes simultaneously in a single action.

Rather than speculate as to the type of action Husain intended to initiate, the Court will allow him to file an amended pleading. The Court will provide him with the appropriate forms to

initiate both types of actions. As indicated above, Husain is required to use a Court-provided form. *See* E.D.Mo. L.R. 2.06(A). The Court will hold Husain's motion for leave to proceed *in forma pauperis* in abeyance, and will consider it if and when Husain clarifies the type of action he wishes to bring. Husain is reminded he is subject to 28 U.S.C. § 1915(g), under which he may not proceed *in forma pauperis* in a § 1983 action unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to Husain a copy of this Court's form Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, and a copy of this Court's Prisoner Civil Rights complaint form.

**IT IS FURTHER ORDERED** that, within 30 days of the date of this order, Husain shall file an amended pleading on the appropriate form.

**Husain's failure to timely comply with this order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 20th day of April, 2020.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE