# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| DAWUD AMEEN HUSAIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-3053-AGF |
| | ) | |
| RICHARD JENNINGS, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. For the reasons explained below, this case will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The background of this case is fully set forth in the Court's April 20, 2020 order. However, following is a brief recitation. Petitioner Dawud Ameen Husain is a Missouri state prisoner who is a frequent *pro se* litigator in this Court, and who is subject to 28 U.S.C. § 1915(g). He initiated this action on November 4, 2019 by filing a pleading titled "Motion for Void Judgment." Therein, he complained of infirmities in an unspecified state court judgment, and asked this Court to void it and order his release. Subsequently, he submitted additional filings purporting to supplement or amend that pleading. One such filing appeared to be a complaint filed pursuant to 42 U.S.C. § 1983 against state officials, seeking monetary relief for alleged civil wrongs. He also filed a motion for leave to proceed *in forma pauperis*, and filed other documents seeking release from state custody.

After reviewing Husain's filings, the Court was unable to determine whether he intended to initiate an action pursuant to 28 U.S.C. § 2254 or 42 U.S.C. § 1983. On April 20, 2020, the Court entered an order directing him to file an amended pleading to clarify the matter. In that order,

the Court explained the scope and operation of 28 U.S.C. § 2254 and 42 U.S.C. § 1983, and explained that while Husain could simultaneously seek both types of relief by filing separate actions, he could not seek both forms of relief in a single action. The Court held Husain's motion for leave to proceed *in forma pauperis* in abeyance, and stated it would consider the motion if and when Husain filed an amended pleading to clarify the type of action he wished to bring. The Court reminded Husain that he was subject to 28 U.S.C. § 1915(g), and also cautioned him that his failure to timely comply with the order would result in the dismissal of the case, without prejudice and without further notice.

Husain's response was due to the Court on May 20, 2020. To date, however, he has neither complied with the Court's order, nor sought additional time to do so. The Court gave Husain meaningful notice of what was expected, cautioned him that his case would be dismissed if he failed to timely comply, and gave him significant additional time to comply. Therefore, this action will be dismissed at this time without prejudice, due to Husain's failure to comply with this Court's April 20, 2020 order and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where *pro se* plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Husain's motion for leave to proceed *in forma pauperis* (ECF No. 4) is **DENIED** as moot.

Dated this 26th day of June, 2020.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE